## MILBURN v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14485. Decided Dec. 10, 1934

O. F. Downes, Cleveland, and H. D. Malitz, for plaintiff in error.

Ezra Shapiro, Director of Law, Cleveland, Michael A. Picciano, Assistant Director of Law, Cleveland, and Stephen Gobozy, Asst. Police Prosecutor, Cleveland, for defendant in error.

238

## OPINION

By LEVINE, J.

Our construction of the ordinance leads us to the conclusion that before a person operating a vehicle can be deemed guilty of a violation of law for not having his brakes in good order, he must first be required or notified by the police to cause the brakes to be repaired before operating the vehicle on any street or highway; that the request or notification by the police is essential. Had it appeared in this case that Cecil Milburn operated his truck on St. Clair Avenue after he was requested or notified by a police officer to cause the brakes to be repaired before operating the vehicle on any street or highway in the city of Cleveland, and Cecil Milburn thereafter, without complying with the request or notice of the police officer to repair the brakes, drove the vehicle on any street or highway of the city of Cleveland, that such act would bring him within the provisions of the ordinance and his act of operating same without first complying with the notice as to repairing the brakes would constitute a violation of the ordinance. The gravamen of the offense, in our opinion, is the refusal to comply with the notification of the police to repair the brakes.

In order that a proper legal charge be placed under said ordinance, the affidavit must allege not only that the brakes of the motor vehicle operated by the driver were not in good order but also that he was notified to repair the brakes and thereafter without compliance with said notice, proceeded to operate the said motor vehicle in the same condition upon the streets of Cleveland.

In our opinion the affidavit does not state an offense under the ordinance as it merely alleges that Cecil Milburn drove with defective brakes and does not allege that he was heretofore notified to repair the same.

The evidence in the case clearly shows that Cecil Milburn was at no time notified by the police to repair the brakes and that no opportunity was afforded him to repair the same.

The ordinance sets forth a rule of reason. Brakes may become defective without any particular fault being attached to the driver of the motor vehicle. The law contemplates that an opportunity be afforded the driver to repair the brakes, before an arrest can be made. The notice by the police to the driver of the vehicle to repair the brakes is a prerequisite condition to any charge of the violation of law.

Holding as we do, we are of the opinion that Cecil Milburn was not guilty of any violation of law, and that the fine imposed upon him was contrary to law.

The judgment of the Municipal Court is therefore reversed and plaintiff in error, Cecil Milburn, is ordered discharged.

HYNES, PJ, and LIEGHLEY, J, concur in judgment.